UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GERMAN ANTONIO LOPEZ SANTOS** | **CASE NO. 3:25-CV-01193 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KRISTI NOEM ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is an Amended Petition for Writ of Habeas Corpus filed by Petitioner German Antonio Lopez Santos ("Petitioner") [Doc. No. 5]. Defendants Kristi Noem, Pamela Bondi, Todd Lyons, and Stanley Crockett (collectively, "Respondents") oppose the petition [Doc. No. 8]. For the reasons that follow, the Court **GRANTS IN PART** the petition for writ of habeas corpus, finding that the Court has jurisdiction, Petitioner is not subject to mandatory detention and expedited removal under 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing before an immigration judge.

I. BACKGROUND

Petitioner is a native and citizen of Honduras who entered the United States in 2005 where he encountered U.S. Border Patrol in Texas.[1] U.S. Border Patrol determined that Petitioner had unlawfully entered the United States from Honduras and allowed him to voluntarily return to Mexico.[2] Petitioner re-entered the United

---

[1] [Doc. No. 8, p.1].
[2] [Id.].

1

States on an unknown date and at an unknown location without inspection, admission, or parole by an immigration officer.[3] Petitioner has resided continuously in the United States for the past twenty (20) years.[4] On May 31, 2025, he was stopped, detained, and arrested by Immigration and Customs Enforcement ("ICE") officers while he was driving in the vicinity of Home Depot in Randallstown, Maryland.[5] On the same day, Petitioner was served with a Notice to Appear charging him with removability as an alien present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General.[6] The Notice to Appear informed Petitioner that the Department of Homeland Security charged him under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and ordered him to appear before immigration court to show why he should not be removed.[7] The Notice to Appear also alleged that Petitioner was removable under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen "present in the United States who has not been admitted or paroled."[8]

Petitioner filed a motion for bond redetermination, on July 8, 2025, claiming that he did not pose a "flight risk or danger to the community," and that "his continued detention caused severe hardship to his family."[9] On July 17, 2025, Petitioner went before the immigration court which ultimately determined that it had

---

[3] [Id. at p. 2].
[4] [Doc. No. 5, p. 1].
[5] [Id.].
[6] [Doc. No. 5-2, p.1].
[7] [Id.].
[8] [Id.].
[9] [Doc. No. 5-3, p. 4].

2

no jurisdiction since Petitioner was under mandatory detention and placed in expedited removal proceedings under 8 U.S.C. § 1225.[10]

On August 19, 2025, Petitioner filed a habeas petition, and on August 20, 2025, filed an Amended Petition currently pending before the Court asserting that Respondents' actions violated his Fourth Amendment protection against unreasonable seizure, his Fifth Amendment rights to procedural and substantive due process, ICE exceeded their statutory authority by detaining Petitioner without the opportunity to seek release on bond, and violated the INA.[11]

Petitioner asks this Court to assume jurisdiction over the matter; issue an order to show cause ordering Respondents to demonstrate why this Petition should not be granted within three days; declare that Petitioner is not subject to mandatory detention and expedited removal under 8 U.S.C. § 1225; declare that Petitioner's stop, arrest, and detention by ICE violates the Fourth Amendment, procedural due process, and the INA and order his release on that basis; Declare that Petitioner's continued detention without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment to the U.S. Constitution; If it does not order release, issue an order compelling the Executive Office of Immigration Review to conduct a bond hearing for Petitioner under 8 U.S.C. § 1226(a) and its implementing regulations and Grant any other and relief this Court deems just and proper.

The Court limits its discussion to the issues of jurisdiction, the form of detention applicable to Petitioner, and Petitioner's entitlement to a bond hearing.

---

[10] [Doc. No. 5-5, p. 3].
[11] [Doc. No. 5].

3

The issues have been briefed, and the Court is prepared to rule.

## II.  LAW AND ANALYSIS

### A.  Jurisdiction

The Court must first determine whether it has authority to hear this case. Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g).[12] Each statute is addressed in turn.

#### 1.  Section 1252(g)

Since the subject-matter jurisdiction of federal courts are limited, courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The Illegal Immigration Reform and Immigration Responsibility Act of 1996 provides, in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The United States Supreme Court held that § 1252(g) relates to "three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original).

---

[12] [Doc. No. 8, p. 3-5].

"By its explicit terms, § 1252(g) strips courts of subject-matter jurisdiction to review claims 'arising from' a decision or action to execute a removal order against an alien." *Westley v. Harper*, No. 25-cv-229, 2025 WL 592788, at *4 (E.D. La. 2025) (citation modified). The statute's purpose was straightforward: Congress sought to "protect from judicial intervention the Attorney General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999). In other words, whenever a noncitizen's claim—regardless of how it is presented—challenges the procedure or substance of an agency decision that is "inextricably linked" to a removal order, the federal district court lacks subject-matter jurisdiction. *Duarte v. Mayorkas*, 27 F.4th 1044, 1054–55 (5th Cir. 2022).

However, as all-encompassing as its provisions may seem, the statute has its limitations. *See Reno*, 525 U.S. at 482 (noting that statute does not "cover the universe of deportation claims."). Beyond the three discrete actions that the statute protects, "[t]here are of course many other decisions or actions that may be part of the deportation process—" and outside of the statute's purview. *Id.* The statute "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders." *Cardoso v. Reno*, 216 F.3d 512, 516 (5th Cir. 2000) (citation modified). Therefore, courts must determine whether the requested relief seeks falls within the ambit of § 1252(g) and is "precluded from judicial review." *Foster v. Townsley*, 243 F.3d 210, 215 (5th Cir. 2001).

5

Petitioner does not contest the initiation of removal proceedings or that Respondents may not adjudicate his case.[13] Instead, Petitioner argues that he should be provided a bond hearing in accordance with § 1226(a), to determine his detention status *during* the removal proceedings.[14] Petitioner is enforcing his constitutional right to due process in the context of the removal proceedings—not the legitimacy of the removal proceedings or any removal order. Therefore, § 1252(g) does not limit the Court's jurisdiction in the present case.

### 2.    Section 1252(b)(9)

Respondents also contend that the Court has no jurisdiction to hear Petitioner's claims under 8 U.S.C. § 1252(b)(9). The statue provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in juridical review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2242 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

As pared by the First Circuit, § 1252(b)(9)

> Aims to consolidate "all questions of law and fact" that "arise from" either an "action" or a "proceeding" brought in connection with the removal of an alien. Importantly, the statute channels federal court jurisdiction over "such questions of law and fact" to the courts of appeals and explicitly bars all other methods of judicial review, including habeas.

---

[13] [Doc. No. 9, p. 2].
[14] [Id.].

6

*Aguilar v. U.S. Immigration and Customs Enforcement*, 510 F.3d 1, 9 (1st Cir. 2007).

Petitioner is not challenging: an order for removal, the process by which his removability will be determined, or the exercise of discretion by the Respondents to detain him. Petitioner has brought this habeas action to challenge the constitutionality of the statutory framework by which Respondents contend his detention without bond is mandatory. This challenge is properly within this Court's habeas jurisdiction. *See Jennings v. Rodriguez*, 583 U.S. 281, 291–96 (2018) (analyzing habeas jurisdiction to challenge detention without an individualized bond hearing).

### B. Whether Petitioner is Detained Pursuant to 8 U.S.C. § 1225 or § 1226

Petitioner filed the instant action of habeas corpus seeking to have the Court determine he is subject to discretionary detention under § 1226(a) and therefore entitled to the individualized bond hearing that he has been previously denied of.[15] Petitioner asserts that he was unlawfully and unconstitutionally deemed ineligible for a bond hearing based in an erroneous finding that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225").[16] Petitioner asserts that this incorrect determination is unlawful as it violates the plain text of the statute, unconstitutional as he was given no opportunity to challenge the determination, and an abuse of discretion as he is not subject to expedited removal.[17] Petitioner contends

---

[15] [Doc. No. 9, p. 7].
[16] [Doc. No. 9, p. 11].
[17] [Id. at 12].

that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) ("§ 1226") since he is not "arriving in" the United States but rather "has been physically present" in the United States for over twenty years, exceeding the two years of continuous presence requirement by eighteen additional years.[18] In contrast, Respondents contend that the plain text of § 1225 shows that it governs Petitioner's detention and Petitioner failed to exhaust his administrative remedies.[19]

The Supreme Court recently analyzed the interplay between § 1225 and 1226 in *Jennings v. Rodriguez* and that analysis is instructive here. Section 1225 provides that "an alien who arrived in the United States or is present in this country but has not been admitted, is treated as an applicant for admission." *Jennings*, 583 U.S. at 287 (citing 8 U.S.C. § 1225(a)(1) (internal quotations omitted)). In *Jennings*, the Court observed that the decision of who may enter this country and who may remain "generally begins at the Nation's boarders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible. *Id.* at 287.

The *Jennings* Court noted that § 1225(b), the provision at issue in the instant habeas petition, "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Then the Court noted, § 1226 "applies to aliens already present in the United States." *Id.* at 303. "Section 1226(a) creates a default rule for those aliens by permitting – but not requiring – the Attorney General to issue warrants for their arrest and detention pending removal proceedings. Section 1226(a) also permits the

---

[18] [Doc. No. 5, p. 13].
[19] [Doc. No. 8., pp. 4–5].

Attorney General to release those aliens on bond, 'except as provided in subsection (c) of this section.'" *Id.* at 303. Subsection (c) of Section 1226 pertains to aliens who fall into categories involving criminal offenses or terrorist activities. "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Id.* at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The *Jennings* analysis explains the necessity for both statutes by differentiating between the detention of arriving aliens who are seeking entry into the United States under § 1225 and the detention of those who are already present in the United States under § 1226. The record before this Court indicates that Petitioner was already present in the United States when the Respondents served him with a Notice to Appear for immigration proceedings on May 31, 2025. He was arrested and detained on the same day and placed in "standard removal proceedings under Section 240 of the Immigration Nationality Act," not expedited removal.[20] Respondents' position that § 1225 applies "because Petitioner is present in the United States without being admitted"[21] is contrary to the Supreme Court's analysis of the application of § 1225 to arriving aliens. *Id.* at 287 (citing 122 Stat. 867, 8 U.S.C. § 1225). Further, Respondents' interpretation of § 1225 would render § 1226 unnecessary.

Expedited removal proceedings under §1225 only apply if three conditions are met: the applicant (1) is inadmissible because he or she lacks a valid entry document;

---

[20] [Doc. No. 5-2, p. 1].
[21] [Doc. No. 8., p. 8].

9

(2) has not been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility"; and (3) is among those whom the Secretary of Homeland Security has designated for expedited removal. § 1225(b)(1)(A)(i), (iii)(I)-(II); See *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). Once "an immigration officer determines" that a designated applicant "is inadmissible," "the officer [must] order the alien removed from the United States without further hearing or review." § 1225(b)(1)(A)(i).

Petitioner specifically fails to meet the standards for § 1225 under the second and third conditions. Applying the statute as written, Petitioner not only meets the two-year requirement set out by the statute, but he exceeds it. Petitioner also does not fall under the third condition, since the Notice to Appear did not designate him for expedited removal but instead designated him for standard removal proceedings under § 240 of the INA. Therefore, Petitioner should not be subject to mandatory detention under § 1225.

"[A]n alien detained under § 1226(a) must be afforded a bond hearing before an immigration judge to determine if the alien's detention is necessary while he or she awaits immigration proceedings." *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 214 (3rd. Cir. 2018). "[W]hen a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination." *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022), (citing 8 C.F.R. § 236.1(c)(8)). If the detainee objects to the initial determination, they "may request a bond hearing before an IJ at any time before a removal order becomes final." *Id.* at 1197 (citing 8 C.F.R. § 236.1(d)(1),

10

1003.19). At this stage, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (B.I.A. 2006)). A noncitizen detainee can appeal an adverse decision to the BIA. *Id.* at 983 (citing § 236.1(d)(3)).

Based on precedents set by the United States Supreme Court and the other United States federal courts, it is clear that Petitioner is not an "arriving alien" since he has exceeded the two-year period in surplus by physical presence in the United States for twenty years. The record shows that the Notice to Appear alleged that the Petitioner is removable under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen "present in the United States who has not been admitted or paroled."[22] Moreover, the record shows that his initial detention and arrest further provide he is not a mandatory detainee under § 1225, but rather, he was placed in standard "removal proceedings under Section 240 of the Immigration and Nationality Act."[23]

Accordingly, the Court finds that Petitioner is not subject to mandatory detention under § 1225 and instead is subject to detention under § 1226(a) and he is entitled to a bond hearing. For the reasons above, the Court finds that the Petitioner's argument that he is unlawfully barred from receiving a bond hearing on the merits is remedied by granting his request for a bond hearing under §1226(a) and enjoining Respondents from denying bond on the bases that he is detained under § 1225(b)(2).

---

[22] [Doc. No. 5-2, p. 1].
[23] [Id.].

### III. CONCLUSION

**IT IS ORDERED** that the Amended Petition for a Writ of Habeas Corpus [Doc. No. 5] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing by an immigration judge under 8 U.S.C. § 1226(a) within thirty (30) days of this Order.

MONROE, LOUISIANA, this 11th day of September 2025.

_____
Terry A. Doughty
United States District Judge